[No. 6,795.]
## FORSYTH v. BOWER.

EXECUTION—EXEMPT PROPERTY—HACKMAN.—Action for the value of two horses and a hack, taken by the defendant as Sheriff, under an execution against the plaintiff, and claimed by the plaintiff as exempt under § 290 of the Code of Civil Procedure. It appeared that, at the time of the seizure, the plaintiff was engaged in the business of hackman, but that the horses were temporarily at pasture, and the hack at the painter's undergoing repairs. *Held*, that the plaintiff was entitled to recover.

PLEADING—AMENDMENT.—

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Sixteenth District Court, County of Kern. REED, J.

The original complaint alleged the detention of the goods by the defendant, and prayed for the recovery of possession. The amended complaint omitted the allegation as to the detention, and the prayer for the recovery of possession, and demanded judgment for their value, and damages. It appeared on the trial that the defendant had sold the goods and parted with the possession before the bringing of the action.

The instruction referred to in the opinion is as follows : " The plaintiff is not entitled to recover, if he was not using the property for the purpose of making a living at the time defendant took it."

*V. A. Gregg*, for Appellant.

This originally was an action of claim and delivery of, and damages for the unlawful detention of, personal property. The plaintiff amended his complaint, making his action one for the recovery of the value of the property. The defendant moved to strike out the amendment, upon the ground that it is not germane to and that it changes the cause of action ; and the Court denied the motion. This was error. (*Ramirez* v. *Murray*, 5 Cal. 223 ; *Supervisors* v. *Decker*, 34 Wis. 378 ; *McGrath* v. *Balser*, 6 B. Mon. 141.) The evidence shows that the plaintiff did not habitually earn his living by the use of the property, as

required by § 690, subd. 6, Code Civ. Proc. The Court erred in refusing the instruction asked by the appellant.

*R. E. Arick*, for Respondent.

Department No. 2, by the Court (from the Bench):

The property involved in this controversy was claimed by plaintiff to be exempt from seizure by reason of his being a hackman, and using the same in his business as such. It was not necessary that he should have been actually using the property at the very time of the seizure ; it was sufficient if he was engaged in the business as a means of livelihood, even though the horses were at the time at pasture temporarily, and the hack at the painter's undergoing repairs. The jury found that he was a hackman, habitually earning his living with the property, carrying passengers, and was using it at the time of the levy.

The points presented by the instructions asked for by the defendant were in fact passed upon and found by the jury; therefore, defendant suffered nothing from the ruling of the Court, even if he had been entitled to the instructions, which is very doubtful, as the instructions asked for were too general, and might have misled the jury without further explanation. An instruction should be complete in itself.

Judgment and order affirmed.